## The State *versus* Colby Welch.

On the trial of an indictment against a man for the crime of adultery, the husband of the woman, with whom the crime is alleged to have been committed, is not a competent witness to prove the act of adultery.

Welch was indicted for the crime of adultery. On his trial the husband of the woman, with whom the criminal act was alleged to have been committed, was called as a witness in behalf of the State. He was objected to as incompetent, but admitted. The jury returned a verdict of guilty, and the counsel for Welch filed exceptions to the decision of the Judge, admitting the witness.

*Mitchell,* for Welch.

*Moor,* Attorney General for the State.

The opinion of the Court was drawn up by

TENNEY J. — The defendant is indicted for the crime of adultery, and the question is, whether the husband of the woman with whom it is alleged to have been committed, is a competent witness to testify to the act. Neither the husband or wife of the party is competent to give evidence against such party. The reason for the exclusion is founded partly on the identity of interest, and partly on a principle of public policy, which deems it necessary to guard the security and confidence of private life, even at the risk of an occasional failure of justice. 1 Phil. Ev. 64. It has been resolved, that a wife cannot be produced against the husband, as it might be the means of implacable discord and dissension between them and the means of great inconvenience. Co. Lit. 6, (b.) "But though the husband and wife are not admissible as witnesses against each other, when either is directly interested in the event of the proceedings, whether civil or criminal; yet in collateral proceedings not immediately affecting their mutual interests, their evidence is receivable, notwithstanding it may *tend* to criminate or contradict the other, or may subject the other to a legal demand. Greenl. Ev. § 342. In the case of *The King* v. *Cliviger,* 2 Term. R. 263, it was decided, that the husband and wife could not be admitted to give any evidence, which *tended* to the crimination of the other in collateral cases. But in a late case of *The King* v. *Inhabitants of All Saints,* Worcester, 6 M. & S. 194, the case of *The King* v. *Cliviger* was referred to, and the rule therein underwent some discussion, and the Court were of the opinion, that it had been expressed much too general and undefined; and they held that a woman might testify, when her testimony did not directly criminate the husband, in proceedings which related to other matters, and not to any criminal charge against him, nor never could be used against him, nor could he ever

be affected by the judgment of the Court founded upon such evidence.

When neither the husband nor the wife is party to a suit, nor interested in the general result, the husband or wife is competent to prove any fact, provided the evidence does not directly criminate the other. 2 Stark. Ev. 709. On an indictment for adultery the husband of the woman, with whom the crime is alleged to have been committed, cannot be a witness for the prosecution. *The State* v. *Gardiner*, 1 Root, 485. In *Canton* v. *Bently*, 11 Mass. R. 441, Parker C. J. uses the following language, though the decision of the cause did not ultimately turn upon the doctrine expressed : — "It may well be doubted, whether a husband can be a competent witness to prove a fact, which amounts to adultery on the part of the wife ; and it certainly would be against good manners and common decency that such evidence should be admitted."

If there is soundness in the reason, which is given, in the books, for holding incompetent the husband or the wife, to give, against each other, evidence, because it may be the "means of implacable discord and dissension between them," it is certainly difficult to perceive how, that discord and dissension will fail to arise, when in collateral proceedings, testimony should be given by one, which charges directly upon the other, the same crime, for the commission of which the party on trial is indicted. On principle and authority we think the witness incompetent.