THE PEOPLE v. CARL J. QUANSTROM.

*Criminal law—Bigamy—Competency of witness—Complaint—Husband and wife.*

The first or lawful wife cannot make a complaint against her husband for the crime of bigamy, nor is she a competent witness on his trial for said offense.

Exceptions before judgment from Muskegon. (Dickerman, J.) Argued June 30, 1892. Decided October 4, 1892.

Respondent was convicted of the crime of bigamy. Conviction set aside, and respondent discharged. The facts are stated in the opinion.

*DeLong & O'Hara,* for respondent.

*A. A. Ellis,* Attorney General, for the people.

McGRATH, J. Respondent was convicted of bigamy, and the sole question in the case is whether a complaint for bigamy may be made by the first wife. It is well established that one not a competent witness against the person charged is not competent to make a complaint against him, so that the real question is whether, in a criminal action for bigamy, the first wife is a competent witness.

Our statute (How. Stat. § 7546, as amended by Act No. 211, Laws of 1885) is as follows:

"A husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent, except in cases where the cause of action grows out of a personal wrong or injury done by one to the other, *or grows out of the refusal or neglect to furnish the wife or children with suitable support, within the meaning of act number one hun-*

*dred and thirty-six of the session laws of eighteen hundred and eighty-three,* and except in cases where the husband or wife shall be a party to the record in a suit, action, or proceeding where the title to the separate property of the husband or wife so called or offered as a witness, or where the title to property derived from, through, or under the husband or wife so called or offered as a witness, shall be the subject-matter in controversy or litigation in such suit, action, or proceeding, in opposition to the claim or interest of the other of said married persons, who is a party to the record in such suit, action, or proceedings; and in all such cases, such husband or wife who makes such claim of title, or under or from whom such title is derived, shall be as competent to testify in relation to said separate property and the title thereto, without the consent of said husband or wife, who is a party to the record in such suit, action, or proceeding, as though such marriage relation did not exist; nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage; but in any action or proceeding instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify."

It is clear that the words "personal wrong or injury" are used in a restricted sense. Given their broadest signification, there would be no necessity for the exceptions following that clause, and no necessity for the insertion of the italicized clause, or the amendment of 1885. To the general common-law rule excluding the testimony of husband and wife, there were exceptions which were allowed from the necessity of the case, "for the protection of the wife in her life and liberty, and partly for the sake of public justice." This necessity is described by Lord Mansfield to mean,—

"Not a general necessity, as where no other witness can be had, but a particular necessity, as where, for instance, the wife would otherwise be exposed, without remedy, to personal injury." *Bentley v. Cooke,* 3 Doug. 422.

In 1 East, P. C. 455, Mr. East regards it as settled that—

" In all cases of *personal injuries* committed by the husband or wife against each other, the injured party is an admissible witness against the other."

The text-writers generally refer to the exceptions to the general rule of incompetency as embracing cases of *personal injury*. Whart. Crim. Ev. § 393; 2 Tayl. Ev. § 1371. The instances given are where a man has been indicted for forcible abduction with intent to marry; for assisting at a rape; for attempting to poison; for maliciously shooting; or for an assault and battery. Mr. Taylor says:

" For many years doubts were entertained whether a wife was or was not an admissible witness against her husband in cases where he was proceeded against, under the vagrant act, as a rogue and vagabond for deserting her, and for causing her to become chargeable to the parish. These doubts have now been resolved in the negative." 2 Tayl. Ev. § 1371.

The amendment of 1885 to our own statute makes the wife a witness in proceedings for refusal to support.

In *People v. Carpenter*, 9 Barb. 580, the husband was indicted for using criminal means—as subornation of perjury—to injure the wife in a proceeding for divorce, and the court held that there was no violence, no injury, nor threat of injury, to her person, against which it was necessary to protect her; that she had abundant means of defense and redress in the judicial proceedings in which the fraud was practiced; and that she was therefore not a competent witness in the criminal proceeding; citing *People v. Chegaray*, 18 Wend. 637; *Den v. Johnson*, 18 N. J. Law, 87; *State v. Welch*, 26 Me. 30; *State v. Burlingham*, 15 Id. 104.

The language of the rule at common law was as broad as the language " personal injury" in our statute, and that language meant, and was held to mean, violence, either actual or constructive, to the person, and by a long line of decisions the wife was not allowed to give testimony in

prosecutions for bigamy, or any other crime not involving personal violence or corporeal injury to her. The words "wrong" and "injury" are often used the one for the other. An injury to the person is a wrong, and a constructive injury to the person is also a wrong. A wrong is defined to be an injury, and an injury as a wrong. A personal wrong or injury is an invasion of a personal right; it pertains to the person, the individual. A cause of action growing out of a personal wrong is one designed to protect or secure some individual right. The right, as well as the wrong, must pertain to the person. It must be one that is purely personal in its character, and in no sense can the exception here be said to embrace public wrongs, which are personal only in the sense that they wound the feelings or annoy or humiliate, but inflict no injury upon the person.

The last clause of the section was evidently added in view of the fact that, under another statute, the proceeding for adultery cannot be instituted except by the wife or husband, and is therefore of a personal character.

Our statute is peculiar, and we have been unable to discover any adjudications upon a like statute. It is anomalous, also, in that it embraces within one section the law governing the admissibility of the testimony of husband or wife in criminal proceedings, as well as civil cases. The authorities in those states where the question has arisen under statutes which, although they differ, involve the same principle, are in conflict. In Iowa the statute provides that neither the husband nor wife shall be a witness against the other, except in a criminal proceeding for crime committed by one against the other. In *State v. Sloan*, 55 Iowa, 220 (7 N. W. Rep. 517), the court say simply that "in our opinion, if the defendant is guilty of bigamy, he committed a crime against his wife." *State v. Hughes*, 58 Iowa, 165 (11 N. W. Rep. 706), follows the

Sloan case, but in neither opinion is the question discussed. In Nebraska, under a similar statute, in *Lord v. State*, 17 Neb. 526 (23 N. W. Rep. 507), the husband was convicted of adultery. The court say:

"The statute makes it an offense for a husband to desert his wife and live and cohabit with another woman. If the husband is prosecuted for the offense, the prosecution certainly would be a criminal proceeding for a crime committed against the wife. * * * In our view, it was intended by the legislature to include the offense here charged; and the ends of justice will be best subserved by permitting the wife to testify."

In *Overton v. State*, 43 Tex. 616, the husband and wife had separated, and the husband was charged with the theft of the wife's property. The statute is the same as that of Iowa. The court say:

"This provision of the code cannot, in our opinion, be properly given so broad an interpretation as to permit husbands and wives to testify against each other in prosecutions for offenses against their property. To give it such a construction would be to make a marked innovation upon a well-established common-law rule of evidence not required or warranted by its language. There is nothing, we think, in the spirit and object for which this provision of the code was evidently designed, which requires or should induce us to give it this interpretation. Its plain and obvious import is to limit the permission given to the husband and wife to testify against each other to prosecutions for personal offenses by one against the other."

In *Compton v. State*, 13 Tex. App. 271, the indictment charged the husband with incest with the daughter of his wife by a former husband. The court overrules *Morrill v. State*, 5 Tex. App. 447, and *Roland v. State*, 9 Id. 277, and holds that the wife is not a competent witness against her husband.

In *State v. Armstrong*, 4 Minn. 335, the court say:

"A prosecution for the crime of adultery does not fall

within the cases in which a wife could testify against her husband under the general rule, for two reasons: *First.* The necessity which warrants the exception does not exist, as all the material features of such an offense are susceptible of proof without her aid as readily as in other crimes. *Second.* It is not a crime against her person, and involves no violence to or abuse of her."

In New York the statute provides that in all criminal trials, and examinations before trial, a husband or wife may be examined as a witness in behalf of the other, but upon no such trial or examination shall a husband or wife be compelled to testify against the other. In *People v. Houghton,* 24 Hun. 501, the court held that the latter clause was negative only, and made no innovation upon the old common-law rule; that the statute affirmed her competency only in favor of her husband, and not against him.

In Utah, the Code of Civil Procedure provided that the exception (to competency) did not apply to a criminal action or proceeding for a crime committed by one against the other. The Code of Criminal Procedure provided that, except with the consent of both, or in cases of criminal violence upon one by the other, neither husband nor wife should be a competent witness for or against the other in a criminal action or proceeding to which one or both were parties. In *Bassett v. U. S.,* 137 U. S. 496 (11 Sup. Ct. Rep. 165), which was a prosecution for polygamy upon error from the supreme court of Utah, reported in 5 Utah, 131 (13 Pac. Rep. 237), the court held that the testimony of the wife was inadmissible. Mr. Justice Brewer, speaking for the court, says:

" Is polygamy such a crime against the wife? That it is no wrong upon her person is conceded; and the common-law exception to the silence upon the lips of husband and wife was only broken, as we have noticed, in cases of assault of one upon the other. That it is humiliation and outrage to her is evident. If that is the test, what limit is imposed? Is the wife not humiliated, is not her respect and love for

her husband outraged and betrayed, when he forgets his integrity as a man, and violates any human or divine enactment? Is she less sensitive, is she less humiliated, when he commits murder or robbery or forgery, than when he commits polygamy or adultery? A true wife feels keenly any wrong of her husband, and her loyalty and reverence are wounded and humiliated by such conduct. But the question presented by this statute is not how much she feels or suffers, but whether the crime is one against her. Polygamy and adultery may be crimes which involve disloyalty to the marital relation, but they are rather crimes against such relation than against the wife; and, as the statute speaks of crimes against her, it is simply an affirmation of the old, familiar, and just common-law rule."

In the cases excluding the testimony of the wife, it is held that the legislature had imported into the statute the common-law rule, and that, before any departure from that rule —affirmed, as it is, through the ages of common law; a rule having its solid foundation, as is said by Mr. Justice Brewer, in the best interests of society—can be adjudged, the language declaring the legislative will should be so clear as to prevent doubt as to its intent and limit. The clear weight of authority supports the principles laid down in these last-cited cases, and is against the admissibility of the testimony. If not a crime against her, it certainly is not a wrong which is personal to her. Criminal statutes are not grounded in personal grievances, but in public injuries, and a prosecution for bigamy is not a cause of action growing out of a personal wrong or injury.

The conviction must therefore be set aside, and the respondent discharged.

LONG and MONTGOMERY, JJ., concurred with Mc-GRATH, J.

MORSE, C. J. (*dissenting*). Our statutes provide that a wife cannot testify against her husband " except in cases where the cause of action grows out of a personal wrong or injury " done to her, and in other cases not here neces-

sary to be mentioned. It is also provided that "in any action or proceeding instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify." How. Stat. § 7546. The complaint for bigamy in this case was made by Marie Quanstrom, the alleged lawful wife of the respondent. He was tried and convicted of the crime of bigamy upon such complaint. It is claimed that his lawful wife was not competent to make the complaint, and that he should be discharged for that reason.

It was held in *State v. Sloan*, 55 Iowa, 217 (7 N. W. Rep. 516), that bigamy was a crime against the wife, and that she was competent to testify, under a statute which provided that neither husband nor wife should be a witness against the other, except in a criminal proceeding for a crime committed by the one against the other. See, also, *State v. Hughes*, 58 Iowa, 165 (11 N. W. Rep. 706). It was also held in *State v. Bennett*, 31 Iowa, 24, that a husband was competent to testify against his wife in a prosecution for adultery under this same statute, because adultery of the wife was a crime against the husband. See, also, *Lord v. State*, 17 Neb. 526 (23 N. W. Rep. 507). It has been held to the contrary in the Supreme Court of the United States. See *Bassett v. U. S.*, 137 U. S. 496 (11 Sup. Ct. Rep. 165); also, *State v. Armstrong*, 4 Minn. 335.

Under our statute it is plain that adultery in husband and wife is treated as a crime against the other, as it is provided that no prosecution shall be commenced but on the complaint of the husband or wife. How. Stat. § 9279. In my opinion, the intent of the statute (How. Stat. § 7546) is clearly shown by the exception made in the case of adultery, taken in connection with section 9279, which provides that the husband or wife must make the complaint. If the statute read "wrong or injury," without the prefix "personal," there could be no doubt of its inten-

tion; for all must admit that bigamy, although a crime against society, is a great wrong and injury to the lawful wife, and the consequences of the crime fall most heavily upon her and the second and unlawful wife,—the two personally injured by the act. Is it not a personal wrong and injury? If the word "personal" is restricted to the narrow sense of a beating or wounding of the person, the act of bigamy may possibly be excluded from the meaning of the statute. But I cannot conceive from the reading of the statute that such a narrow interpretation correctly voices its meaning. It is the wife's personal rights, whether of person or property, that are intended to be protected by her testimony. Such a violation as this of her marital rights, the most sacred and dear to her of any, is certainly a personal wrong and injury to her; and in my opinion, if adultery had not been specially excepted in this statute, the wife would have been, under it, a competent witness against her husband. The exception being made proves that it was thought necessary to make it in order to take it out from under the statute. Further, I cannot believe that the Legislature intended that, while a wife or husband may make complaint against the other for adultery, they cannot do so for bigamy, which embraces adultery.

The conviction was right, and should be sustained.

GRANT, J., concurred with MORSE, C. J.