## THE PEOPLE v. JOSEPH B. GORDON.

*Criminal law—Husband and wife—Competency as witnesses—Homicide—Evidence.*

1. 3 How. Stat. § 7546, disqualifies a wife from testifying against her husband, without his consent, on his trial for murder.[1]

[1] For cases bearing upon the question of the competency of husband and wife to testify for or against each other in criminal cases, see:

1. *Morrissey v. People*, 11 Mich. 327 (cited with approval in *Grimm v. People*, 14 Mich. 300, 305), holding that the wife of a respondent is a competent witness for a co-defendant of her husband, jointly charged and on trial with him.

2. *Dixon v. People*, 18 Mich. 84, 91, where the respondent objected to the competency of a witness on the ground that she was his wife, and it appeared from her examination upon the *voir dire* that an actual marriage existed between her and the respondent, *prima facie* valid and in good faith, upon which the respondent might reasonably and honestly rely as valid, and which upon the

2. A father testified, on his trial for the alleged murder of his child, that some hours before the homicide he bought a revolver for the purpose of shooting a boarder, of whom he was jealous, the first time he crossed his path, and that he accidently shot and killed the child while attempting to shoot the boarder. He did not testify that he intended to kill the boarder, and it appeared from the testimony that the shooting was preceded by an altercation between the two men. Respondent's wife was allowed to testify in behalf of the people without his consent, which was assigned as error on his appeal from a conviction of murder in the first degree. The prosecution contended that the alleged error was non-prejudicial, on the ground that the testimony of the respondent himself conclusively showed his guilt. And it is held that the testimony was not equivalent to a plea of guilty of murder, upon which the court might, from the testimony given, determine the degree, but that the respondent had a right to the verdict of the jury, based upon *competent* evidence, upon that subject.

Error to recorder's court of Detroit. (Chambers, J.) Submitted on briefs April 25, 1894. Decided June 2, 1894.

Respondent was convicted of murder in the first degree, and sentenced to imprisonment in the State prison for

---

trial he did rely upon and claim as valid. And it was held not competent for the prosecution to introduce opposing testimony for the purpose of establishing, in this collateral manner, the invalidity of the marriage, so as to make the alleged wife a competent witness against the respondent.

3. *People v. Marble*, 38 Mich. 117, where, on the trial of a woman for being present and aiding in and abetting the commission of a murder, her former husband, who was an eye-witness to the homicide, and who had since its perpetration secured a divorce, was sworn as a witness against the respondent, without her consent. And it was held that by the terms of the statute (section 7548) he was rendered generally competent, notwithstanding his former marital relation; and as that relation had ceased when he was called to testify, and the prosecution was not in consequence of adultery, and his testimony did not include any communication between the respondent and himself during their marriage, there was nothing to disqualify his general competency.

4. *People v. Quanstrom*, 93 Mich. 254, holding that the first or lawful wife cannot make a complaint against her husband for the crime of bigamy, nor is she a competent witness on his trial for said offense.

5. *People v. Westbrook*, 94 Mich. 629, holding that a wife cannot make a complaint against her husband for an indecent assault upon the person of his daughter, nor is she a competent witness against him on his trial for said offense.

life. Judgment reversed, and new trial ordered. The facts are stated in the opinion.

*D. Augustus Straker*, for respondent.

*A. A. Ellis*, Attorney General, *Allan H. Frazer*, Prosecuting Attorney, and *Henry A. Mandell*, Assistant Prosecuting Attorney, for the people.

HOOKER, J. The respondent was convicted of murder in the first degree, upon a trial. The victim was his own child, and respondent testified that he accidently shot the child in attempting to shoot one Robinson, of whom he was jealous, and who at the time was a boarder in the house, and whom respondent supposed to be intimate with his wife. He further stated that he obtained the weapon some hours before, for the purpose of shooting him the first time that he crossed his path. He did not state that he intended to kill Robinson. It further appeared from his testimony that the shooting was preceded by an altercation between the two men.

The respondent's wife was called on behalf of the prosecution, and testified, against objection, to the circumstances of the shooting. This is alleged as error, and this contention is in accord with the settled rule in this State. The court admitted the testimony on a mistaken construction of section 7543 of Howell's Statutes. This section was passed in 1861, and removed the disabilities of parties to actions, and their connubial partners, to testify, which under previous statutes was not permitted. See Comp. Laws 1857, § 4339. Under the amendatory section (*i. e.*, 7543), there is no doubt that Mrs. Gordon was a competent witness for or against her husband *with his consent*, but without it her testimony was as clearly inadmissible, under How. Stat. § 7546. This section has been construed in various cases cited in the notes to the section,

and in the later cases of *People v. Quanstrom*, 93 Mich.
254, and *People v. Westbrook*, 94 Id. 629, both of which
sustain respondent's contention.

This should dispose of the case were it not for the tes-
timony of the respondent himself, which is said to con-
clusively show his guilt, and therefore to render the error
one without injury. He admits that he procured a revolver
for the purpose of shooting Robinson, and that he did
shoot him, after becoming enraged in a controversy with
him. Had he killed him, and the prosecution been upon
the charge of murdering him, the degree of the offense
would have been for the jury, who, under the evidence,
might have found him guilty of murder in the second
degree or manslaughter, and in such case the cause would
have to be reversed for the error mentioned; and, as it
was, the prisoner was entitled to have the degree of the
offense, to say the least, determined by the jury, *upon
competent evidence.* It was for the jury to say whether
there was an attempt to kill Robinson. The respondent
said he bought the pistol to *shoot* him under certain cir-
cumstances, not to *kill* him. He did not shoot him on
sight, but only after a quarrel. Hence it does not appear,
as matter of law, that the child was killed in the attempt
to take the life of another under circumstances that would
have made such killing murder in the first degree.

Under the rule that "if a person, whilst doing or
attempting to do another act, undesignedly kill a man, if
the act intended or attempted were a felony, the killing
is murder," such homicide might or might not be murder
in the first degree (see How. Stat § 9075); and in the
present case that would be a question for the jury, if,
indeed, it cannot be said that it could not be murder in
the first degree, because not within the language of that
section. We cannot say, then, that the testimony was
equivalent to a plea of guilty of murder, upon which the

court might, from the testimony given, determine the degree, the respondent having a right to the verdict of the jury upon that subject.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.