PEOPLE *v.* TURNER.

CRIMINAL LAW—BIGAMY—DEFECTIVE COMPLAINT—WAIVER.
An objection that the complaint in a prosecution for bigamy
was made by the husband of the respondent is waived by
pleading to the information.

Error to Ingham; Person, J. Submitted January 28,
1898. Decided March 22, 1898.

Alice Turner was convicted of bigamy, and sentenced to
imprisonment for two years in the Detroit house of cor-
rection. Affirmed.

*James Harris,* for appellant.

*A. M. Cummins,* Prosecuting Attorney, for the people.

MOORE, J. The respondent was convicted of the
offense of bigamy, and appeals from that conviction. The
complaint was made by the husband of the respondent,
though he was not so described in the complaint. The re-
spondent waived examination before the magistrate, and
was bound over to the circuit court for trial. An infor-
mation was filed against her by the prosecuting attor-
ney, which was verified by the prosecuting attorney,
to which the respondent pleaded not guilty. A week
later the trial of the case was commenced. The jury was
sworn, and a witness produced upon the part of the people,
when objection was made to any further trial of the
case on the ground that the husband could not make a
complaint, and that the complaint and all subsequent pro-
ceedings were void. The objection was overruled, the
trial proceeded, and respondent was convicted.

It is urged on the part of the respondent that the pro-
ceedings are void *ab initio,* and respondent should be dis-

charged; citing *Hubbell* v. *Grant*, 39 Mich. 643; *Calder* v. *Bull*, 3 Dall. 390; *People* v. *Williams*, 1 Idaho, 85; *Merwin* v. *People*, 26 Mich. 298 (12 Am. Rep. 314); *Turner* v. *People*, 33 Mich. 363; *People* v. *Quanstrom*, 93 Mich. 254 (17 L. R. A. 723). The first of these cases is a civil case. In the Idaho case the alleged offense is held not to have been an offense when the act complained of was done. In the *Merwin Case* the information upon which the trial proceeded did not state an offense. The case of *Turner* v. *People* does not sustain the position taken by the respondent. The case of *People* v. *Quanstrom* decides that a lawful wife cannot make a complaint against her husband for bigamy, and, if the question had been raised at any time before the respondent pleaded to the information, it would have been the duty of the court to discharge her. An examination of the original record in *People* v. *Quanstrom* shows, what does not appear in the opinion, that the respondent, when arraigned by the prosecuting attorney, stood mute. Doing this, he of course waived nothing by his plea. In the case now before us an information complete in form and substance, which was verified by the prosecuting attorney, who was competent to verify it, was filed. To that information the respondent did not object, but pleaded thereto not guilty. We think this was a waiver of the want of regularity in justice's court, and gave the circuit court jurisdiction to try the case. *Washburn* v. *People*, 10 Mich. 372; *People* v. *Jones*, 24 Mich. 215.

Judgment is affirmed.

The other Justices concurred.