TRAVIS v. STEVENS.

1. HUSBAND AND WIFE—ACTION FOR SUPPORT FURNISHED WIFE—
COMPETENCY OF WIFE AS WITNESS.

Under 3 Comp. Laws, § 10213, providing that a wife shall not
be examined as a witness against her husband without his
consent, except in cases where the cause of action grows out
of a personal wrong or injury done by him to her, or out of
his refusal or neglect to furnish his wife or children with
suitable support, within the meaning of Act No. 136, Pub.
Acts 1883 (providing that all persons shall be deemed disor-
derly who, being of sufficient ability, refuse or neglect to
support their families ), a wife is not competent to testify for
the plaintiff, over her husband's objection, in a common-law
action against the husband for support furnished to the wife
after she had left him by reason of his alleged misconduct.

2. SAME.

The wife's testimony is none the less inadmissible because in
the particular action defendant is shown to be of sufficient
ability to support his wife.

3. WITNESSES—CREDIBILITY—EVIDENCE.

In an action against a husband for support furnished his wife
after she had left his home, it was error to permit defendant
to be cross-examined as to whether he had sustained illicit
relations with another woman many years before his marriage.

Error to Hillsdale; Chester, J.   Submitted April 16,
1901.   Decided July 19, 1901.

*Assumpsit* by John M. Travis against Henry Stevens
for support furnished to defendant's wife. From a
judgment for plaintiff, defendant brings error.   Reversed.

*Sampson & Barre*, for appellant.

*Frankhauser & Cornell*, for appellee.

MONTGOMERY, C. J.   This is an action brought for
support furnished to the defendant's wife since 1896.

The facts were that the wife of defendant left her husband in 1891, and subsequently filed a bill of complaint, asking a divorce. This bill was dismissed, and, in the course of the proceedings, defendant testified that he was willing to receive his wife back, and would welcome her home. The testimony on the part of the plaintiff tended to show that Mrs. Stevens returned to her husband's house on the 8th of February, 1896, and that, so far from welcoming her home, defendant refused to receive her, and she again departed, and took up her residence with plaintiff. The defendant, however, testified that he was, on the occasion referred to, willing to receive his wife, and so stated. The jury found for the plaintiff, and defendant brings error.

The questions presented relate to the admission of testimony. The wife of the defendant was permitted to testify, against his objection, as a witness for the plaintiff. This is assigned as error. 3 Comp. Laws, § 10213, contains these provisions, which are the only ones material to the questions here involved:

" A husband shall not be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent, except in cases where the cause of action grows out of a personal wrong or injury done by one to the other, or grows out of the refusal or neglect to furnish the wife or children with suitable support, within the meaning of act number one hundred and thirty-six of the session laws of eighteen hundred and eighty-three."

It is clear that this right of action does not grow out of a personal wrong or injury done by the husband to the wife, within the meaning of this statute. *People* v. *Quanstrom*, 93 Mich. 254 ( 53 N. W. 165, 17 L. R. A. 723 ).

Was the testimony admissible under the other clause of the section? In other words, does this action grow out of the refusal or neglect to furnish the wife support, within the meaning of Act No. 136 of the Public Acts of 1883? This act is the disorderly act, and provides, among other

things, that all persons shall be deemed disorderly who, being of sufficient ability, refuse or neglect to support their families, or who leave their wives or children a burden on the public. The action here planted does not depend upon the ability of the husband to support the wife. It does not grow out of the refusal to support, "being of sufficient ability," but is a common-law action, which may be brought by one furnishing the wife support in any case where the husband, by his conduct, drives her from his home, on the ground that she becomes his agent of necessity. 15 Am. & Eng. Enc. Law (2d Ed.), p. 886.

But it is urged that, in this particular case, the defendant was shown to be of sufficient ability. But, if this question was litigated, it was foreign to the issue, and, to hold her testimony within the contemplation of the statute, we would have the anomaly of importing into the case an additional issue, to be tried for the purpose of determining the competency of testimony bearing upon the real issue. While this difficulty may not be a conclusive reason, yet it is of weight, and we think the construction which calls for such a result should not be adopted.

This is an action of contract. The wife, under the theory of the plaintiff, became the agent of the husband. It does not involve a trial of the husband's disorderly conduct. His refusal to support is only material as bearing upon the question of whether the wife is clothed with authority to make the contract upon which plaintiff sues.

The defendant, when a witness upon the stand, was, on cross-examination, interrogated as to having sustained illicit relations with a woman many years before his marriage to his present wife. This testimony was not admissible, within the rule laid down in *People* v. *Mills*, 94 Mich. 630 (54 N. W. 488).

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.