## THE STATE vs. WEST.

*June 5—June 18, 1903.*

*Criminal law and practice: Adultery: Evidence: Husband and wife: Competency as witnesses.*

1. The rule that neither husband nor wife can testify for or against the other is confined to cases where the testimony, if given, would be by one directly for or against the other, such other being a party to the litigation.

2. In a prosecution for adultery where separate informations are filed, the husband of defendant's partner in crime is competent to testify as to his marriage, and generally as regards the alleged offense.

REPORTED from the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Question answered in the affirmative.*

The accused, *Ellsworth West,* was prosecuted for the crime of adultery. He was complained of jointly with his alleged partner in crime, Irene Foreman. Upon a preliminary examination both were held for trial. Separate informations were filed, each being charged with having committed with the other the crime of adultery. On the trial of *West,* the husband of Irene, at the request of the state and against objection by the accused, was permitted to testify in respect to the fact of marriage between himself and Irene, and generally as regards the alleged offense. There was a verdict of guilty. Thereafter, in due form of law, the circuit judge certified to this court for decision this question: Did the court err in overruling the objection of defendant's counsel to the competency of Allen Foreman as a witness, or in other words, in a prosecution for adultery where the man is prosecuted separately, is the husband of the woman with whom the adultery is alleged to have been committed a competent witness to prove the marriage and to testify to incriminating circumstances?

For the plaintiff there was a brief by the *Attorney General* and *L. H. Bancroft,* first assistant attorney general, and oral argument by *Mr. Bancroft.*

For the defendant the cause was submitted on the brief of *R. F. Kountz.*

MARSHALL, J. The rule is familiar that husband and wife cannot be witnesses for or against each other. Does that rule apply to the question in respect to which a decision is de-

sired? Restating the court's question in a proper form, to the end that it may be answered affirmatively or negatively, it is this: Is the rule that neither husband nor wife can testify for or against the other confined to where the testimony, if given, would be by one directly for or against the other, such other being a party to the litigation? It must be conceded that there is authority both ways in respect thereto, but it seems, as claimed by the attorney general, that this court, in *State v. Dudley,* 7 Wis. 664, adopted the affirmative for this state. True, there is a difference between the manner in which the question was submitted there and here. Here is the former question: "Was the witness, John W. Winders, the divorced husband, competent to prove his marriage with his divorced wife, Mary Adaline Winders?" While that question was limited by two circumstances, first, the witness and his wife were divorced between the time of trial and the alleged commission of the offense, and second, he was a witness merely of the fact of marriage, nevertheless the affirmative of the question was maintained as not falling within the general common-law rule, and the court considered and decided it from that standpoint, apparently not deeming material the circumstances distinguishing it from the one we have here. That is evident not only from the reasoning of the opinion, but from the authorities cited. In none of such authorities was the circumstance of a divorce present. In the cases cited as conflicting with the decision of the court are such as *State v. Welch,* 26 Me. 30, where the proposition was whether, on the prosecution of a man for adultery, the husband of the woman was competent to testify against him as to the fact of adultery, the decision being in the negative.

Whether the view which this court thus early took of the law is the better one we need not here discuss, nor whether it is supported by the greater weight of authority. Statements can be found in text-books both ways. Certain it is that

many courts are in full harmony with this court on the subject. *Campbell v. State,* 133 Ala. 158, 32 South. 635, cited by the attorney general, is an instance of that. There it is said, in effect, that the law is well settled that a husband may testify on the trial of a party separately charged with being guilty of an offense committed jointly by him with the witness' wife, subject to the rule as to confidential communications between husband and wife. Such communications are obviously covered by a rule which applies regardless of whether the evidence relates to a person on trial or not, both at common law and under the statute. Sec. 4072, Stats. 1898. In Wharton's Crim. Ev. § 396, it is said:

"The mere fact that the testimony to be given by a wife criminates her husband, or that the testimony of the husband criminates the wife, does not exclude such testimony in prosecutions in which the party so criminated is not a defendant. Yet while such testimony will be admitted, it will not be compelled."

Similar expressions can be found in the works of most text-writers. In 1 Ency. Ev. 633, it is said:

"Where the paramour is on trial the authorities are in conflict as to the admissibility of testimony of the husband or wife, the weight of authority holding it incompetent."

An examination of the authorities cited, however, leaves one in doubt as to the correctness of the author's view. It would require much time for a full review of the subject. We will not attempt it, since it appears, as before indicated, that the court's question, as we have restated it, must be answered in the affirmative in harmony with the previous decision rendered here.

*By the Court.*—The question submitted, as construed and restated, is answered in the affirmative.