WILLIAM REINOEHL v. STATE OF NEBRASKA.

FILED OCTOBER 1, 1901.   No. 11,992.

1. **Words "With Consent" Unnecessary in Information for Statutory Rape.** In an information under the second division of section 12 of the Criminal Code, charging a person with carnally knowing a female child under the age of eighteen years, it is not necessary to allege that the offense was committed "with the consent" of such female child. *George v. State*, 61 Nebr., 669.

2. **Demurrer Waiver of Motion to Quash or Plea in Abatement.** In a criminal prosecution for a felony, the accused will be taken and deemed to have waived all defects or irregularities which may be excepted or objected to by motion to quash or plea in abatement when he demurs to the information or pleads to the general issue. Criminal Code, sec. 144.

3. **Preliminary Examination May Be Waived.** A preliminary examination is a right accorded, a personal privilege granted, and one which the accused may waive. *Latimer v. State*, 55 Nebr., 609.

4. **Plea of General Issue Waiver of Defects Enumerated.** In a criminal prosecution for a felony, after pleading to the general issue and after a jury has been impaneled and sworn, it is not error to overrule an objection by the defendant to being tried at that term of court on the ground and for the reason that he was, on his preliminary examination, ordered to enter into a recognizance for his appearance at a term subsequent thereto, or because the county attorney had filed an information against him before the term at which he was ordered in the preliminary examination to appear and answer the charge preferred against him.

5. **Evidence of Intention Admissible.** Evidence tending to show the intention of the defendant toward the prosecutrix which is related to and has a material bearing upon the ultimate fact sought to be established by the prosecutrix *held* properly admitted.

6. **Voluntary Confession While Under Arrest Admissible.** Where statements of a defendant in the nature of a confession while under arrest are shown to be voluntary and not made under the influence of hope or fear emanating from those in authority or concerned in the administration of the law, the same may properly be received in evidence.

7. **Instructions.** Rulings of the trial court on instructions to the jury, given and refused, examined, and *held* to be without prejudicial error.

8. **Evidence Sufficient.** Evidence examined, and *held* sufficient to support the verdict of the jury.

ERROR from the district court for Boyd county. Tried below before HARRINGTON, J. *Affirmed.*

*W. T. Wills, W. A. Meserve, Robert Ryan* and *Frank Irvine,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy,* for the state.

HOLCOMB, J.

The defendant below prosecutes in this court error to the district court of Boyd county, wherein he was informed against and convicted of carnally knowing and abusing a female child of the age of about eleven years contrary to

the provisions of section 12 of the Criminal Code, and sentenced to the penitentiary for the term of seventeen years. Several errors are assigned and argued in brief of counsel for defendant, the more important of which will be noted in the order of presentation.

It is contended that the information upon which the defendant was prosecuted is insufficient because it is not alleged that the offense charged was with the consent of the prosecutrix, it not being charged that the act was committed forcibly, and against her will. We had occasion to pass upon the identical question in the case of *George v. State,* 61 Nebr., 669, and there arrived at the conclusion that the allegation was not essential to a good information. After considering the question, and citing a number of authorities, it is observed by the present writer, who prepared the opinion of the court in that case: "Whether or not the prosecutrix consented, being immaterial, it follows that it is unnecessary to allege or prove that the act was done with her consent. She is in law regarded as incapable of giving consent to the act. Every element necessary to constitute the crime may be established, irrespective of her consent or want thereof." The views therein expressed appear to us as sound, and consonant with reason and a proper construction of the section of the statute under which the information is drawn.

It is next urged that the conviction can not stand because the defendant was put upon his trial at an adjourned sitting of the district court of the term which had not finally terminated at the time of the preliminary hearing, in view of the order of the examining magistrate whereby he was required to give bond for his appearance on the first day of the "next term" of the district court, and in default of which was committed to the jail of the county. The record discloses that the regular term of the district court immediately preceding the time of the preliminary hearing convened September 3, 1900, and that at the time of the hearing it had been adjourned to November 8, 1900. The defendant was arrested on the charge of which he was

convicted and brought before the county judge of Boyd county on November 7, 1900, and waived a preliminary examination, and was, by the county judge, required to enter into a recognizance for his appearance on the first day of the next term of the district court, and, having failed to give the required undertaking, was committed to the jail of the county. On November 8, there was held a session of the district court pursuant to the prior adjournment of the September term, at which time an information was presented against the defendant to which, after the overruling of a demurrer thereto, the defendant pleaded not guilty and the cause proceeded to trial on the general issue on the fourth day of December following. After the jury was impaneled and sworn, the defendant for the first time raised the objection that he could not be tried then and at that term of court because he was required to appear and answer the charge on the first day of the next term, which had not then been called, and because the county attorney had no authority to present and file an information against him until and during the term at which he was required to appear and answer the charge made against him, which it is claimed was the next regular term convened after the preliminary hearing. Assuming, as contended for by defendant's counsel, that the information was prematurely filed and that the defendant could not be put upon his trial until the next regular term convened after the time of the preliminary hearing, we are constrained to the view that the defect or irregularity, if one existed, was waived by the defendant in pleading to the general issue, and that he can not be heard, in the manner attempted, to deny the right and authority of the court to try the cause at the time the trial occurred. If the objection interposed is tenable,—which we do not here deem it incumbent on us to finally determine,—it certainly should have been raised by a motion to quash or plea in abatement, and, having failed to so raise the question, the defendant will be taken and deemed to have waived it. Sec. 444, Criminal Code.

Reinoehl v. State.

It seems reasonably clear that the district court had jurisdiction to try the defendant for the crime of which he was accused, and also over his person. If, by order of the magistrate before whom he was taken for preliminary examination, he was not required to appear in the district court to answer the complaint made against him until the next regular term, this was a privilege and right which he could properly waive, and must be held conclusively to have done so if no seasonable objection is interposed to a trial during a sitting of the district court at the adjourned session. He could, did he so desire, waive altogether all the preliminary steps required to be taken before being tried in the district court on an information made and filed by the county attorney. *Coffield v. State,* 44 Nebr., 417; *Latimer v. State,* 55 Nebr., 609; *Dinsmore v. State,* 61 Nebr., 418. Certainly, if he may waive all the steps which it is his privilege to have followed in the nature of a preliminary inquiry, it follows as a logical deduction that he may waive any defect growing out of such preliminary hearing by which he was brought to a trial in the district court. It may be to a defendant's advantage to have a speedy trial in the district court at a special or called session, notwithstanding he may have been recognized to appear at some future time, and yet will it be contended that the court is without power to try him at such special term when he consents thereto, and it is his desire to have such speedy trial? In the case at bar the defendant failed to give the required recognizance for his appearance and was committed to the county jail to await trial. The information against him was thereafter, and during term time, presented and filed in the district court. No objection was raised against it except a demurrer, which we have held is not well taken, and none to the time or manner of filing. No motion is presented to quash the information because prematurely filed, and before the defendant was required to appear and answer the complaint. No application was made for a continuance of the cause, nor objection made or effort put forth to have the trial

postponed until the next term, until after the jury had been impaneled and sworn, when, for the first time, it was objected that the defendant could not be put upon his trial until the next regular term to which it is contended he was ordered to appear and answer the charge preferred against him. We have no hesitancy in saying that under such circumstances, whatever may be the merits of the objection if seasonably interposed, the objection was waived by waiting until the time stated to present it, and no error was committed by the trial court in overruling the same.

It is also argued that the court erred in the admission of certain evidence of the prosecutrix regarding prior associations and certain alleged statements and conversations by the defendant to her some three or four months prior to the time of the alleged crime. The evidence objected to tended to prove that the defendant was desirous of being alone with the prosecutrix, and at such times would speak to her of things indecent and vulgar to a degree not permissible here to repeat, and which were well calculated to familiarize the child with and obtain her acquiescence in the acts of the defendant of which he is accused. The evidence, as it seems to us, must have some probative value for the purpose of showing the intentions of the defendant toward the prosecutrix, and the object to be accomplished, and which was finally consummated by the act complained of. It, if believed, disclosed the method pursued by him, and his relations to the child, which finally led to the accomplishment of his purpose. It evidenced his intentions and ultimate object, though perhaps in a lesser degree, as would be the case if he had declared to another that he would do what it is charged he did in fact do. It is related to, and has a material bearing upon, the ultimate fact sought to be established by the prosecution, and assists, in some degree at least, in arriving at the truth of the principal fact in controversy. Greenleaf, Evidence [16th ed.], secs. 14*o* and 14*q*., and authorities there cited. We perceive no error in the admission of the evidence complained of.

In the oral argument of the case it was suggested that evidence inadmissible in character was admitted, relating to other alleged acts of the defendant committed on the prosecutrix of the same kind of which he is charged in the case at bar. An examination of the record discloses that while some questions of the character indicated were asked, on objections thereto the answers were excluded, and that, except by an intimation by the prosecutrix in one of her answers, to which no motion was made to strike out, there is no evidence in the record as to any other act of the defendant of the kind for which he was convicted, and it therefore becomes unnecessary for us to consider the question further.

It is argued that evidence of certain statements of the defendant in the nature of a confession, made after arrest, and while in custody of the sheriff, was erroneously admitted, it not being shown that such statements were voluntarily made by the accused. It appears that after his arrest the defendant asked to see the county judge who was the examining magistrate and against his advice persisted in speaking to him regarding the accusation made against him. Substantially the same statements were repeated to the attorney assisting in the prosecution and under the same circumstances. To the sheriff he made certain statements without inquiry from him or solicitation on his part. These confessions, we think, must be regarded as entirely free and voluntarily made, and were in nowise superinduced by hope or fear by any act or expression of those concerned in the administration of the law, and the admissibility of the evidence comes altogether within the rule stated in *Burlingim v. State*, 61 Nebr., 276, and *Coil v. State*, 62 Nebr., 15.

Several instructions are excepted to, both given and refused, which have been examined, and the rulings thereon found proper.

It is suggested that the evidence is insufficient to support the verdict. To this we can not assent. The testimony it is true is more or less conflicting, but upon every

44

material point there is positive and direct evidence which, if believed by the jury, was sufficient to establish every material averment of the information. That they did believe such testimony is made manifest by their verdict, and it is not within our province to say that of the conflicting testimony the jury relied on that unworthy of belief and rejected that which should have been believed. The verdict of guilty is supported by sufficient competent evidence and should not be disturbed.

The judgment of the district court should be, and accordingly is,

AFFIRMED.

SULLIVAN, J., absent, not voting.