(100 N. W. 1093.)

---

STATE EX REL POUL v. McLAIN.

Opinion filed February 15, 1905.

### Complaint Charging Offense Upon Information and Belief Insufficient.

1. A criminal complaint wherein the facts constituting the crime charged are stated upon the information and belief only of the complaining witness is not sufficient to justify the issuance of a warrant of arrest.

### Furnishing Bail, Procuring Adjournments and Taking Change of Venue Waive Objections to Jurisdiction.

2. Although the arrest of the defendant upon a magistrate's warrant was illegal, because there was no sufficient showing of probable cause upon oath, the defendant waived all objections to the jurisdiction of the magistrate to proceed with the preliminary examination by giving bail, procuring adjournments of the hearing, and taking a change of venue without objection to the validity of the arrest.

**Where the Accused Has Given Bail and Fails to Appear But Is Represented by Counsel, He Cannot Object to Proceedings Had in His Absence.**

> 3. Section 7960, Rev. Codes 1899, which provides that the witnesses upon a preliminary examination of a person accused of crime must be examined in the presence of the accused, guaranties to the accused the right to confront the witnesses against him at such hearing; but if the accused has given bail for his appearance before the magistrate at a time and place fixed for the hearing, and neglects, without excuse, to personally appear, but is represented by counsel, he cannot impeach the commitment because the magistrate, at the stated time and place, proceeded to hear the evidence in the absence of the accused, but in the presence of the defendant's counsel.

Application by the state. on the relation of John Poul, for a writ of habeas corpus to John McLain, sheriff of Ramsey county.

Denied.

*L. N. Torson* and *A. M. Christianson,* for petitioner.

*J. F. Philbrick,* Assistant Attorney General, for the State.

ENGERUD, J. This is an original application for a writ of habeas corpus, which was presented to this court after a denial of the application by Judge Cowan, of the second judicial district, wherein the petitioner is confined. It appears from the petition that on December 12, 1904, one George W. Frame, a justice of the peace of Pierce county, issued a warrant for the arrest of this petitioner on a charge of maintaining a common nuisance, which warrant was issued upon a complaint made and filed by B. L. Schuman, the state's attorney of that county. The facts constituting the crime charged are stated upon information and belief of the state's attorney, and the complaint is verified upon the information and belief only of the affiant. The defendant was arrested pursuant to the warrant and brought before the justice on the 12th of December, 1904, and the hearing was adjourned at defendant's request to the following day, and the defendant gave bail for his appearance at that time. At the time fixed by the adjournment the hearing was again adjourned on the application of the state, without objection from the defendant, to December 21st. On that day the hearing was again adjourned, on defendant's application, to December 24th. On that day the defendant appeared with his attorney, and filed an affidavit in support of his demand for a change of venue, and the case was transferred to Hans Fosser, the nearest justice. When the papers were received by Justice Fosser, which was on the same day

the change of venue was granted, he fixed 2 o'clock of the same day for the hearing, and notified the defendant's attorney. At that time defendant's attorney appeared and objected to the proceedings, and moved the dismissal thereof on the ground that no sufficient notice of the time fixed for the hearing had been served, and that the court had no jurisdiction of the person of the defendant. The specific jurisdictional objection, however, was not stated. The motion was overruled, and the defendant was produced in court by the sureties on his bail bond. The hearing was then adjourned to December 29th, and the defendant again furnished bail for his appearance at the adjourned date. On December 29th the hearing was again adjourned to December 31st by reason of defendant's illness, which was evidenced by a physician's certificate. On December 31st, at the time fixed by the adjournment, the defendant's attorney appeared, and again demanded a continuance on the ground that the defendant was ill, but furnished no evidence in support of his application. The request for a continuance was denied. Thereupon defendant's attorney objected to the jurisdiction of the justice, and demanded the dismissal of the proceedings, upon the ground that the complaint had been made upon information and belief, and was not properly verified. The objection was overruled, and the justice proceeded to hear the evidence in the absence of the defendant, and, after the hearing, made an order committing the defendant to answer the charge set forth in the complaint at the next term of the district court, bail being fixed at $800. The defendant is now confined in the jail at Devils Lake, in Ramsey county, pursuant to this commitment; an order having been made by the court for his removal to that county for safekeeping, there being no suitable jail in Pierce county.

Upon these facts the petitioner claims that he is unlawfully in custody, and that the commitment under which he is held is void, for two reasons: First, the justice never acquired jurisdiction of the proceedings or the person of the defendant for any purpose, because the warrant was not issued upon a showing of probable cause; second, the evidence upon which the justice made the order of commitment was taken in the absence of the defendant. We are agreed that neither of these propositions can be sustained, and hence the petition does not show that the petitioner is unlawfully restrained.

The Constitution (section 18) prohibits the issuance of any warrant except "upon probable cause supported by oath or affirmation." The complaint in this case, being made upon information and belief, merely, was not a sufficient showing of probable cause to authorize the justice to issue the warrant. State v. McGahey, 12 N. D. 535, 97 N. W. 865. If the defendant had made seasonable objection to the proceedings upon this ground, the objection would have been sustained; but, the provision in question being a provision designed for the protection of the person sought to be arrested, he has it in his power to waive its protection. By voluntarily furnishing bail without objection, and seeking and obtaining repeated continuances and a change of venue, it is perfectly clear that he has most emphatically waived any objection which he had to the institution of the proceedings without a sufficient showing of probable cause. People v. Smith, 1 Cal. 9; State v. Blackman, 32 Kan. 615, 5 Pac. 173; State v. Longton, 35 Kan. 375, 11 Pac. 163; State v. Allison, 44 Kan. 423, 24 Pac. 964; Monroe v. City, 44 Kan. 607, 24 Pac. 1113, 10 L. R. A. 520; State v. Barr, 54 Kan. 230, 38 Pac. 289; In re Cummings, 11 Okl.286, 66 Pac. 332; Lewis v. State, 15 Neb. 89, 17 N. W. 366; State v. Jones, 24 Mich. 215; People v. Dowd, 44 Mich. 488, 7 N. W. 71.

The petitioner is not in a position to complain because the examination of the witnesses took place in his absence. Section 7960, Rev. Codes 1899, provides that upon a preliminary examination, where the party is charged with the commission of an offense, "witnesses must be examined in the presence of the defendant and may be cross-examined in his behalf." It is contended in behalf of the petitioner that by reason of this provision the magistrate had no jurisdiction whatsoever to hear any evidence in support of the complaint after the defendant had been arrested unless the defendant was personally present during the examination of the witnesses. Section 8503, Rev. Codes 1899, directs that the provisions of the Code of Criminal Procedure, of which section 7960 is a part, shall be liberally construed with a view to promote its objects, and in furtherance of justice." The question is, must the court adhere to the literal wording of the statute, however absurd the results may be, or shall the court consider the object sought to be attained by the statute, and give the statute such construction as will accomplish that object and promote justice? It is very plain that the object of this statute is to give the defendant the right to see, hear,

and cross-examine the witnesses produced against him by the state. If the defendant is in custody, he must be brought into the presence of the magistrate, and the latter shall hear no evidence in support of the charge except such as is produced while the defendant has the opportunity to see and hear the witnesses, and cross-examine them, either by himself or his counsel. If the defendant has secured his freedom from restraint by giving bail, he has expressly agreed to be present in court at such time and place as the hearing is to be had, where the witnesses against him will be present. If he does not keep his promise and appear, it is his own fault, and he has not been deprived of any right; and, if he has lost any opportunity or advantage which the law accords, he ought not to be heard to urge his own default to thwart the ends of justice.

It is familiar law that in case of felony all proceedings after indictment must be had in the presence of the accused. It has become well-settled law by the great weight of modern authority that one who voluntarily absents himself from the court during the progress of the trial cannot urge his absence to set aside a verdict of guilty. State v. Kelly, 97 N. C. 404, 2 S. E. 185, 2 Am. St. Rep. 299; Commonwealth v. Andrews, 97 Mass. 543; Fight v. State (Ohio) 28 Am. Dec. 626; Price v. State, 36 Miss. 531, 72 Am. Dec. 195; Hill v. State, 17 Wis. 675, 86 Am. Dec. 736; Lynch v. Commonwealth, 88 Pa. 189, 32 Am. Rep. 445; Wilson v. State, 2 Ohio St. 319; State v. Reckards, 21 Minn. 47; Warren v. State (Ark.) 68 Am. Dec. 214. See, also, cases cited in general discussion of this subject in note to case last cited.

We are clearly of the opinion that section 7960 simply makes it the duty of the magistrate to afford the defendant the right to confront the witnesses against him, and that if the defendant is out upon bail, and refuses or neglects without cause to appear at the time fixed for the hearing, he has waived his right to personally confront the witnesses. In this case there is no showing that the petitioner could not have been present at the time of the hearing. It must therefore be presumed that he voluntarily absented himself from the examination. To hold that the right to examine the witnesses depends upon the personal presence of the accused when he is at liberty on bail would lead to the absurd result that the accused would have it in his power to indefinitely postpone the examination by voluntarily absenting himself from the hearing either before its commencement or during its progress. Section

7960 guarantees to an accused person the right to confront and cross-examine the witnesses against him at a preliminary hearing. If that right has not been denied to the accused, he will not be heard to object to the regularity of the proceedings that he did not enjoy the right because he voluntarily chose not to avail himself of it.

The prayer of the petition is denied. All concur.