## STATE OF NORTH DAKOTA v. GEORGE F. HART.

(152 N. W. 672.)

**Criminal action — defendant — preliminary examination — no such constitutional right — merely statutory.**

1. A defendant in a criminal action has no constitutional right to a preliminary examination, but this right is only statutory.

**Complaint — magistrate — preliminary hearing — degree of certainty — information — indictment.**

2. A complaint made before a magistrate for the purpose of a preliminary examination only does not require the same certainty in the statement of the offense as an information, indictment, or complaint upon which the accused is tried.

**Complaint — time and place — description of offense — general terms — sufficient if fairly informs defendant of charge.**

3. Such complaint is sufficient, as a basis of examination, where, after stating the time and place, it names or describes an offense in general terms, and sets out such facts of the offense as will fairly apprise a person of average intelligence of the nature and cause of the accusation against him.

**Information — entering plea of not guilty — waives defects — extent of waiver.**

4. By entering a plea of not guilty to an information, the accused waives all defects and irregularities which may be objected to by motion to quash or set aside the information.

Opinion filed April 29, 1915.

Appeal from the District Court of Ward County, *Leighton,* J.

George F. Hart was convicted of the crime of adultery, and appeals. Affirmed.

*Palda, Aaker & Greene,* for appellant.

Failure to demur to an information does not waive defendant's right to object to the jurisdiction of the court. Comp. Laws 1913, § 10745.

*R. A. Nestos,* State's Attorney, and *O. B. Herigstad,* Assistant State's Attorney, for respondent.

An information or indictment may be set aside on timely and proper motion, before plea. Comp. Laws 1913, § 10728.

If the motion is not made before demurrer or plea, the objections are

waived. Comp. Laws 1913, § 10728; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; State ex rel. Poul v. McLain, 13 N. D. 368, 102 N. W. 407.

The proper method of raising the objections was by motion to set aside the information before entering plea. State v. Winbauer, 21 N. D. 161, 129 N. W. 97; State ex rel. Peterson v. Barnes, 3 N. D. 131, 54 N. W. 541; State v. Rozum, 8 N. D. 549, 80 N. W. 477; State v. Wisnewski, 13 N. D. 649, 102 N. W. 883, 3 Ann. Cas. 907.

CHRISTIANSON, J. The defendant was convicted in the district court of Ward county of the crime of adultery. This appeal is taken from the judgment of conviction. The material facts are as follows: On the 25th day of June, 1913, a criminal complaint was filed before T. N. Engdahl, a justice of the peace in Ward county, subscribed and sworn to by one J. H. Griffin, charging "that during the last three years in said county, the above-named defendant at various times committed the crime of adultery by having illicit relations with Rosina C. Griffin, wife of J. H. Griffin." The words, "wife of J. H. Griffin," appear subsequently to have been struck out of the complaint. When this was done is not disclosed, and, in view of the conclusions we have reached in the case, is immaterial. Upon this complaint a warrant of arrest was issued by the justice, and the defendant arrested and brought before such justice of the peace for preliminary examination. The defendant appeared with his attorney, B. A. Dickinson, at such preliminary examination, and waived examination. The justice thereupon made an indorsement on the complaint as follows:

It appearing to me that the offense in the within complaint mentioned has been committed, and that there is sufficient cause to believe the within named George F. Hart guilty thereof, I order that he be held to answer the same.

(Signed) T. N. Engdahl,

Justice of the Peace, Examining Magistrate.

The defendant was admitted to bail in the sum of $1,000, which was furnished.

On the 21st day of July, 1913, the state's attorney of Ward county

filed an information against the defendant, which is concededly insufficient form and the charging part of which is as follows: "That heretofore, to wit, on the 24th day of June in the year of our Lord, one thousand nine hundred thirteen at the county of Ward, in said state of North Dakota, one George F. Hart, late of said county of Ward and state aforesaid, did commit the crime of adultery committed as follows, to wit: That at said time and place the said George F. Hart did wilfully, unlawfully, and feloniously have voluntary sexual intercourse with, and carnal knowledge of, Rosina C. Griffin, a married woman, then and there the wife of J. H. Griffin, and not the wife of the said George F. Hart, and that this prosecution was commenced by said J. H. Griffin, the husband of said Rosina C. Griffin. This contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of North Dakota." To this information the defendant entered a plea of not guilty, and subsequently on the 13th day of November, 1913, the case was brought on for trial, and a jury sworn and impaneled to try the same. After the jury had been so sworn and impaneled, and after the first witness for the state had been sworn, the defendant's attorney made the following objection to the first question asked of such witness: "We object to the question and to any further testimony in this action as incompetent, irrelevant, and immaterial, for the reason and on the ground that there was no sufficient complaint filed as the basis of this action; that there was no complaint filed by J. H. Griffin in which any crime whatever is charged; that there is no complaint signed by the said Griffin charging sexual intercourse between the defendant and Rosina Griffin; that there was no complaint filed in which any charge is made at any time within the statute of limitations." The objection was overruled; defendant excepted to the ruling, and predicates error thereon in this appeal.

At the close of the state's case, defendant submitted the following motion: "Comes now the defendant and moves that the action be dismissed, on the ground that there is a total failure of proof of any allegation of the information, and on the further ground that there was no complaint upon which to base the information as required by law, and that the defendant never had any preliminary hearing on a valid complaint, nor did he waive one; that there is no complaint charging adultery, or facts sufficient to constitute adultery, made by J. H. Griffin, the

alleged spouse of Rosina Griffin." This motion was renewed at the close of the entire testimony. Both motions were denied, and these rulings are, also, asserted to be erroneous. The case was submitted to the jury, a verdict of guilty returned, and sentence pronounced pursuant to the verdict. No motion, either in arrest of judgment or for a new trial, was made.

The only errors assigned on this appeal challenge the correctness of the rulings made by the trial court in sustaining the objection to the introduction of testimony, and the denial of the motions to dismiss. These errors are all based upon the alleged insufficiency of the criminal complaint filed in the justice court. It was established by the undisputed testimony upon the trial that J. H. Griffin, who verified the criminal complaint, was the husband of Rosina C. Griffin, and the sufficiency of the evidence to sustain the verdict is not questioned. And there is no claim made by the appellant that the prosecution was not instituted upon the complaint of the husband of the offender; and the attack upon the proceedings is not based upon this ground, but is directed solely to the alleged insufficiency of the description of the offense in the criminal complaint. Appellant's counsel claims that the district court was without jurisdiction to try the case; and while the objection to the introduction of testimony and motions to dismiss in the district court seem to have been based on the ground that the defendant had not had a preliminary examination, still it is not seriously contended by appellant's counsel in this court that this question could be raised in the manner attempted. But in this court, appellant's counsel assert that the criminal complaint filed before the justice of the peace was a nullity, and all subsequent proceedings had in the case were void under the provisions of § 18 of the Constitution of this state. The section in question reads as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized." This constitutional provision was designed for the protection of the person sought to be arrested, and he may waive its protection. State ex rel. Poul v. McLain, 13 N. D. 368, 371, 102 N. W. 407.

It is probably true, the criminal complaint did not contain all the

matters, or state the offense with the same certainty, which would be required in an information or indictment in order to charge the offense of adultery, but this is not required. As was said by this court in State ex rel. Peterson v. Barnes, 3 N. D. 131, 136, 54 N. W. 541: "We hold that a complaint, after stating time and place, which names or describes an offense in general terms, and which, in addition thereto, sets out such facts and circumstances of the offense as will fairly apprise a person of average intelligence of the nature and cause of the accusation against him, will be sufficient, as a basis of an examination, even in cases where other averments, not inserted in such complaint, would be essential to a valid information charging the same offense. Tested by this criterion, the complaint against the petitioner was sufficient as an accusation charging him with the same offense as that embodied in the information filed in the district court." See also State v. Wisnewski, 13 N. D. 649, 102 N. W. 883, 3 Ann. Cas. 907; State v. Reedy, 44 Kan. 190, 24 Pac. 66.

The criminal complaint distinctly charged the defendant with having committed the crime of adultery with one Rosa C. Griffin within Ward county, North Dakota, at various times during the three years preceding the date of the complaint. And it seems clear that the defendant, and any other person of average intelligence, would have no difficulty in knowing the nature of the offense with which he was charged, and this is all that is required.

The term "adultery" has no technical meaning in law, distinct from its significance in its ordinary and popular sense. It is defined by Webster's New International Dictionary: "Unfaithfulness of a married person to the marriage bed; voluntary sexual intercourse by a married person with another than her or his husband or wife." And by Funk & Wagnall's New Standard Dictionary: "The sexual intercourse of two persons either of whom is married to a third person." And by the Penal Code of this state: "Adultery is the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife; and when the intercourse is between a married woman and a man that is unmarried the man is also guilty of adultery." Comp. Laws 1913, § 9579.

The defendant, as already stated, appeared at the preliminary examination with his council. No objection was made to the sufficiency

of the complaint, but the defendant waived examination, and was admitted to bail, and it is generally held that where a defendant waives examination he also waives any insufficiency which may exist in the complaint, or warrant of arrest issued thereon. Everson v. State, 4 Neb. (Unof.) 109, 93 N. W. 394; People v. Turner, 116 Mich. 390, 74 N. W. 519; Reinoehl v. State, 62 Neb. 619, 87 N. W. 355; State ex rel. Poul v. McLain, supra.

The defendant had no constitutional right to a preliminary examination. State v. Gottlieb, 21 N. D. 179, 129 N. W. 460; State v. Winbauer, 21 N. D. 161, 129 N. W. 97. But this right is granted by statute only, and, hence, it necessarily follows that it is dependent upon and limited by the statutory provisions relative thereto. Under the provisions of § 10728, Compiled Laws 1913, an information must be set aside by the court in which the defendant is arraigned for the following reasons: "(1) In all cases when the defendant is entitled to a preliminary examination before a magistrate, before the filing of such information, when he has not had such examination and been held to answer before the district court, or has not waived such examination in writing, or orally before a magistrate; (2) When the information is not subscribed by a person authorized to act as informant; (3) When an information is not verified."

The subsequent section (Comp. Laws 1913, § 10729) prescribes the method of asserting an objection to the information, based upon any of the grounds specified in § 10729, Compiled Laws, and reads as follows: "The motion to set aside the information or indictment must be in writing, subscribed by the defendant or his attorney, and must specify clearly the ground of objection to the information or indictment, *and said motion must be made before the defendant demurs or pleads, or the objection is waived.*"

We are entirely satisfied that a defendant in a criminal action cannot raise the question that he has been deprived of a preliminary examination, or attack the sufficiency of the proceedings had before the committing magistrate, after having entered a plea to the information on its merits. Reinoehl v. State, 62 Neb. 619, 87 N. W. 355; Re Cummings, 11 Okla. 286, 66 Pac. 332; State v. Eldred, 8 Kan. App. 625, 56 Pac. 153; Emery v. State, 101 Wis. 627, 78 N. W. 145; see, also, State ex rel. Poul v. McLain, 13 N. D. 368, 371, 102 N. W. 407.

The judgment of the District Court must be affirmed. It is so ordered.