## STATE v. SKINNER
(No. 1220; December 2, 1924—230 Pac. 537)

CRIMINAL LAW—COMPLAINT — INFORMATION — WAIVER — MOTION TO QUASH.

1. Under proceedings transcripted by a committing magistrate under Compiled Sts. 1920 Secs. 7483-7484, a defect in the complaint cannot be reached by motion to quash, but a plea in abatement would be proper.
2. Complaint filed in Justice Court under Comp. Sts. 1920, Secs. 7339-7341 subscribed by one other than complainant named in body thereof is sufficient.
3. Want of authority of county attorney of county in which the case arose to file an amended information in the coun-

ty to which a change of venue was taken, held waived by
failure to object in trial court.
4.  Motion to quash information must specify distinctly de-
    fects therein.

APPEAL from District Court, Converse County; CYRUS O.
BROWN, Judge.

Lynn Q. Skinner was convicted of arson, and appeals.

*Edwin L. Brown* for Appellant.

Defendant never had a legal preliminary hearing; he did
not waive such hearing, and the case is not within the ex-
ceptions provided in Section 7431. The requisites of a com-
plaint are provided by 7340 C. S. The complaint was
insufficient and not in accordance with statute; it does not
appear that the complaint was sworn to by any one; Otis
Hughes is named as prosecuting witness, but one Barrett
signed the complaint. No party is permitted to assume in-
consistent positions, Sioux City v. R. W. (Ia.)`106, N. W.
183; Bailey v. Wright, (S. D.) 112 N. W. 853; 21 C. J.
1228. One who seeks a forum cannot deny its jurisdiction,
Robertson v. Smith (Ind.) 15 L. R. A. 273. The state hav-
ing alleged Hughes to be the complaining witness is es-
topped from claiming another to be complaining witness.
State v. O'Brien 26 L. R. A. 252. The Dist. Court was with-
out jurisdiction. The Niobrara County Attorney had no
authority to file an information in Converse County; State
v. Kusel (Wyo.) 213 Pac. 367; State v. Bartlett, 59 L. R. A.
756. The motion to quash raised every defect apparent up-
on the face of the information; Davis v. State, 69 (Ind.)
130.

*David J. Howell,* Attorney General and *Ray E. Lee,* Asst.
Attorney General for Respondent.

Appellant did have a preliminary hearing. The original
complaint is not a part of the record. One relying upon
want of a preliminary hearing as ground for his discharge
must raise point by plea in abatement. Read v. State 92

N. W. 321; State v. Sunnafrank 67 Pac. 1103. The point was waived by entering appearance and seeking a change of venue, 16 C. J. 926; State v. McLain, 102 N. W. 407. If the evidence was sufficient to bind over, it cures any defect in complaint, People v. Werner, 82 Pac. 196; People v. Shenk 142 N. Y. S. 1081; People v. Cole (Cal.) 59 Pac. 984. The County Attorney of Niobrara County had authority to file an amended information in Converse County; State v. Kusel, 29 Wyo. 287.

RINER, District Judge.

The appellant, Lynn Q. Skinner, hereinafter referred to as the defendant, was convicted of the crime of arson and sentenced to a term in the penitentiary by the District Court of Converse County. The cause arose in Niobrara county where the usual preliminary hearing was had before a justice of the peace, which resulted in the defendant's being bound over for trial in the District Court. The information was duly filed in that court, and, thereafter, on September 6th, 1923, upon the application of the defendant, a change of venue was granted to Converse county. On September 27th, 1923, an amended information was filed in the District Court of that county, signed and verified by Frank A. Barrett, county and prosecuting attorney of Niobrara county. On October 3rd, 1923 the defendant filed in and presented to the District Court of Converse county a motion to quash the amended information on the grounds:

1. That the defendant had not had a legal preliminary hearing, the charge being laid more than thirty days immediately prior to the first day of a regular term of court;

2. That no sufficient complaint or information was filed in the Justice court upon which a warrant was issued against the defendant and preliminary hearing held;

3. That the action was transferred to Converse county upon a change of venue, and that no amended information could be filed directly in Converse county against the defendant.

This motion was denied over defendant's exception. The same day he entered a plea of "not guilty" and thereafter the trial proceeded to the conclusion already noted.

The case is brought to this court by direct appeal, but no transcript of the evidence appears in the record.

There were only two points argued orally by defendant's counsel or presented in his brief before us, the one being the sufficiency of the complaint filed in the Justice court on preliminary hearing, thus questioning the validity of that proceeding, and the other that the county and prosecuting attorney of Niobrara county could not file an amended information in Converse county. It is contended that the motion to quash and the adverse ruling thereon raised these points and indicate reversible error.

The criminal complaint before the Justice of the Peace on the preliminary hearing, after being entitled, reads: "Otis Hughes, Deputy Sheriff, who being first duly sworn, upon his oath gives the court to undertsand: That the defendant is accused of the crime or offense for that on the 1 day of June 1923, at and in the county of Niobrara, State of Wyoming," and then allegations charging the offense are set out; the complaint is signed by "Frank A. Barrett, complainant," and below his signature appears the following: "Subscribed and sworn to before me this 2 day of June 1923, E. M. Ewing, Justice of the Peace." It is insisted that inasmuch as Otis Hughes did not sign the complaint it is void.

Under Sec. 7363 Wyoming Compiled Statutes 1920, in cases where a defendant is held by a justice to answer a criminal charge, the latter must send to the court where the prisoner is to appear all recognizances taken, together with a certified transcript of the proceedings, including an accurate itemized bill of costs. This statute does not in terms require the original complaint or a certified copy thereof to be sent to the District Court so as to make it a part of the record. Whether the phrase "transcript of proceedings" should be construed as broad enough to include that paper

may be open to question.  See Moline, etc. Co. v. Curtis, 38 Neb. 520, 57 N. W. 161.  Unless the complaint in a justice court is properly a part of the record a motion to quash, as here made, would not reach the defect.  A plea in abatement only would have been proper.  Secs. 7483 and 7484, Wyoming Compiled Statutes 1920; McGinnis v. State, 16 Wyo. 72, 91 Pac. 936.  But assuming, though not deciding, that the complaint is properly here for consideration, we are of the opinion that it is sufficient.

Sec. 7339 Wyoming Compiled Statutes 1920, provides:

"Criminal actions for the commission of a public offense may be commenced before a Justice of the Peace by an information subscribed and sworn to and filed with the Justice."

Sec. 7340 gives the essentials of such information, and Sec. 7341 provides a form for that purpose.  Nowhere in the statutes is there a requirement that the name of the person who subscribes and swears to the complaint be inserted in the body thereof.  Indeed, by omitting the words "Otis Hughes, Deputy Sheriff, who being first duly sworn, upon his oath gives the court to understand that," we have the exact form recommended by Sec. 7341, supra.  Clearly, then, this language should be rejected as surplusage.  By so doing we have a complaint framed on an approved form and subscribed and sworn to as the law directs.  The complaint, it is apparent, is complete without the rejected verbiage.

In Malz v. State, 36 Tex. Crim. App. 447, 34 S. W. 267, 37 S. W. 748 the Court reviewed an alleged error from the lower court in allowing a preliminary complaint to be amended by erasing in the body of the complaint the name of R. L. Winfrey as complainant, and inserting the name of William Jackson who actually signed the document.  Leave to amend was granted after motion to quash had been filed, and it was held no error, the Court saying:

"In the body of the complaint it is not necessary to state the name of the party making the complaint or affidavit at all. The statute requires that the name of the party making such complaint must be signed at the foot of the complaint and not elsewhere. The complaint in this instance was signed at the foot thereof by the person making the complaint. This, with reference to the name of the affiant, was all that was required, and the name as stated in the body of the complaint should have been rejected as surplusage, or the discrepancy cured by amendment; and it was competent, as was done, to erase the name of Winfrey and insert that of Jackson."

To the same effect is the case of Singh v. State, 66 Tex. Cr. R. 156 146 S. W. 891; People v. George, 121 Calif. 492, 53 Pac. 1098; 16 C. J., p. 295, Sec. 509, and cases cited.

It is unnecessary to consider the contentions of counsel for the State that the defect in the complaint, if any, was waived by defendant's voluntarily taking a change of venue, as well as cured by the finding of the justice that the evidence taken on the hearing was sufficient to justify the holding of defendant, although there is authority for these views. See State v. McLain, 13 N. D. 368, 102 N. W. 407; 16 C. J., p. 296, Sec. 510; People v. Warner, 147 Calif. 546, 82 Pac. 196; People v. Schenk, 142 N. Y. S. 1081; 16 C. J., p. 295, Sec. 509.

Complaining of the adverse ruling on defendant's motion to quash the amended information argument is presented that the county and prosecuting attorney of Niobrara county could not file it in Converse county, and State v. Kusel, 29 Wyo. 287, 213 Pac. 367, is cited. The specific ground in the motion to quash relied on to raise this question is:

"That it appears that said action was transferred from Niobrara county to Converse county upon a change of venue and that no new, additional or amended information can be filed directly in Converse county against the defendant based upon the crime alleged to have been committed in Niobrara county."

In the Kusel case, after change of venue had, leave of court was sought by the county attorney where the cause arose to file an amended information. Written objections were filed thereto by counsel for defendant on the ground, inter alia,

"that the amended information is offered after the change of venue of said cause."

The objections were overruled and permission was given to file the amended pleading. In upholding the judgment of conviction in that case in the course of the opinion this court said:

"Counsel for defendant did not object to the fact that the county attorney of Platte county, rather than the county attorney of Laramie county, filed and subscribed the amended information. The lower court's attention was not called to the incompetency of the former in filing and subscribing it. The point appears not to have been raised in the lower court at all."

It seems to us that the language quoted is very applicable here. There is no real difference in effect between the phraseology appearing in the objection interposed in the Kusel case and the ground of the motion to quash urged in the case at bar. The trial court's action obviously was not invoked upon the precise point now being pressed. In all fairness it should have been. Where defendant claims his legal rights are being transgressed justice to himself as well as to the court requires that he should embody his claim in clear and unmistakable terms. It is a familiar rule that a motion to quash must specify distinctly the defects in the information or indictment. See 31 C. J., p. 800, Sec. 373, and list of cases cited.

It appearing, therefore, that the want of authority of the county attorney of Niobrara county to file the amended

information in Converse county not having been raised, under the rule announced in the Kusel case the error, if any, was waived.

No other questions appearing in the cause it follows that the judgment must be affirmed, and it is so ordered.

*Affirmed.*

Blume, J., and Tidball, District Judge, concur.