[Crim. No. 5592.   First Dist., Div. Three.   May 4, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. KEN ELTON KESEY et al., Defendants and Appellants.

Robertson & Hand, Peter E. Salo, Paul K. Robertson and Brian D. Rohan for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Derald E. Granberg, Deputy Attorney General, for Plaintiff and Respondent.

DRAPER, P. J.—Charged with possession of marijuana (Health & Saf. Code, § 11530), defendants waived jury trial. The court found both guilty, and admitted them to probation on condition they serve 6 months in county jail. Both defendants appeal.

Acting under a search warrant, officers entered defendant Kesey's residence, located in a wooded area in La Honda. Many visitors were present. One officer entered the bathroom. As another approached, the door was slammed in his face, and he heard sounds of a scuffle. He entered the room, and saw appellant Browning choking the first officer, while appellant Kesey was on his knees attempting to dump the contents of a jar into the toilet. The jar contained marijuana, and quantities of that substance were found elsewhere in the premises. It is apparent that the evidence fully sustains the conviction, and no contrary contention is made here.

Rather, appellants attack the validity of the search warrant. They contend, in part, that the affidavit for the warrant is insufficient on its face. We cannot agree. The affidavit states that: the officer making it had participated in surveillance of the Kesey residence on 6 occasions from October 1964 to April 1965; on the night of April 17, the officers saw some 15 vehicles parked in front of the residence, and observed six

persons who appeared to be under the influence of a narcotic leaving it; on April 20, a like number of cars was parked, and the officers saw two men, both apparently under the influence of narcotics, one of whom had just left the Kesey residence, and another who was pushing an automobile registered to Kesey; on the same night, they saw on the premises four other persons who either appeared to be under such influence or were known users or possessors of narcotics.

A search warrant may be issued by a magistrate only upon probable cause (U.S. Const., 4th Amend., Cal. Const., art. I, § 19; Pen. Code, §§ 1523, 1525). This test is met if the affidavit avers competent evidence sufficient to lead a reasonably prudent man to believe that there is a basis for the search (*People* v. *Prieto*, 191 Cal.App.2d 62, 68 [12 Cal.Rptr. 577]). Law enforcement officers are in a more favorable position when a warrant is obtained (*People* v. *Keener*, 55 Cal.2d 714, 723 [12 Cal.Rptr. 859, 361 P.2d 587]), and doubtful or marginal cases may largely be determined by this preference accorded to warrants (*United States* v. *Ventresca*, 380 U.S. 102, 109 [13 L.Ed.2d 684, 85 S.Ct. 741]). We are to view the affidavit in a "commonsense way rather than technically" (*id.*, pp. 108, 109).

The affidavit amply shows probable cause for issuance of the warrant. The officers' observations of April 17 and 20, without more, suffice. On each night, a sizeable gathering was present at Kesey's remotely located house. A number of those in attendance appeared to trained officers to be under the influence of narcotics. The inference is inescapable that narcotics which could cause this appearance were upon the premises. We therefore need not review the other allegations of the affidavit, or appellants' piecemeal attacks upon them.

Appellants argue that the information recited in the affidavit was "stale" because the first of it came to the attention of the police months before the warrant issued. Other jurisdictions have held that evidence of presence of contraband more than 30 days earlier does not warrant inference of its current presence on the premises (Anno. 162 A.L.R. 1414 et seq.). But the rule has no application here. The events of April 17 and 20, which by themselves sustain the warrant, were not stale on April 21 when the warrant issued or on April 23 when it was executed. Appellants' argument conveniently overlooks the continuing nature of the investigation. Of course, the affidavits must show probable cause to believe contraband is present now, but this is by no means to

impose a 30-day statute of limitations which begins to run when the officers first might have had such cause.

Appellants controverted the grounds upon which the warrant was issued. At a full hearing before the magistrate (Pen. Code, §§ 1539, 1540), both sides introduced evidence. The issue of sufficiency of the facts to support the allegations of the affidavit was again raised on motion to quash the indictment (Pen. Code, § 995), petition for writ of prohibition (Pen. Code, § 999a), and on objection to introduction of the seized marijuana at trial, in each of which transcript of the hearing before the magistrate was relied upon. In each instance, the decision was adverse to appellants. The determination of the magistrate was not conclusive (*People* v. *Butler,* 64 Cal.2d 842 [52 Cal.Rptr. 4, 415 P.2d 819]). But the superior court has twice weighed the same evidence, and our review of the record does not show those determinations to be in any way unreasonable.

As to the crucial events of April 17 and 20, appellants rely upon the testimony of a psychologist and a psychiatrist. These experts felt that the conduct and appearance of visitors at the Kesey property, as described by the officers, was bizarre but did not indicate the influence of a narcotic. But officers trained in police schools and experienced in dealing with narcotics users testified that the peculiarities they observed were in fact symptomatic of narcotic influence. The views of the defense experts are based upon reasoning which seems to us abstruse. In any event, they do not warrant our rejection of the opinions of the police experts, thrice accepted by triers of fact.

The affidavit for the search warrant related information given to a federal agent by a female college student and relayed to officers. The agent refused to reveal his informant's name at the hearing before the magistrate. Appellants assert error. But this information has no possible bearing upon the guilt of appellants. It goes only to the adequacy of the affidavit to support the warrant. Since the affidavit was sufficient without any reference to this information, we need not consider the contention.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.