**STATE of North Dakota, Plaintiff and Respondent,**

v.

**William F. ERDMAN, Defendant and Appellant.**

Crim. No. 381.

Supreme Court of North Dakota.

Sept. 23, 1969.

Helgi Johanneson, Atty. Gen., Bismarck, and Richard B. Thomas, State's Atty., Minot, for plaintiff and respondent.

K. M. Knutson, Minot, for defendant and appellant.

STRUTZ, Judge, on reassignment.

. The Service Drug Store in Minot, North Dakota, was burglarized on May 27, 1967, and a quantity of narcotic drugs, together with needles and syringes, was stolen. In July, following such burglary, one Russell Kulisich, an Army airman stationed at the Minot Air Force Base, was arrested in Massachusetts. In his posses-

sion at the time of his arrest was found a quantity of drugs, a syringe, and a hypodermic needle. Markings on the drug containers showed that they had come from the Service Drug Store in Minot. The Massachusetts police officers thereupon notified the Minot police of their findings. A check of the records disclosed that the drugs found in Kulisich's possession in Massachusetts had been a part of the loot taken in the Minot burglary. Three criminal charges were placed against Kulisich in Massachusetts, but trial on these charges was delayed until after Kulisich should receive his release from military service. He was allowed by the Massachusetts authorities to return to the Minot Air Force Base.

On the basis of the information secured from the Massachusetts authorities, a warrant for the arrest of Kulisich on a charge of burglary of the Service Drug Store in Minot was requested by one of the police officers in Minot. In making such application for warrant of arrest of Kulisich, the magistrate was not given any of the facts as above outlined. The police officer who made application for the warrant of arrest was sworn and examined by the magistrate, and he testified only that at the time and place set out in the complaint Kulisich did break and enter the Service Drug Store in Minot with intent to steal, in violation of Section 12–35–02, North Dakota Century Code. The complaining witness gave no particulars or facts to support his allegations because he was not asked for any details. The magistrate did not make any inquiry as to how the complaining witness knew that Kulisich had committed the burglary of the Service Drug Store.

The warrant of arrest was issued, and on February 8, 1968, the police authorities, accompanied by officers of the Minot Air Force Base, went to Kulisich's room, armed with such warrant, for the purpose of arresting him. When the officers arrived at the quarters of Kulisich, at about 11 o'clock in the forenoon, they found him sleeping. In the same room, also in bed and sleeping, were the defendant, Erdman, and another airman, one Terrance Philp.

Kulisich was told that he was under arrest, and he was immediately informed of his constitutional rights. He then was asked if a search could be made of his property and the immediate vicinity. Coupled with the request for permission to search was a statement by one of the officers that they were going to search whether or not Kulisich gave them permission to do so. Kulisich thereupon told them to go ahead. The search was made incident to the arrest of Kulisich.

The area searched included a table, drapes, a locker, a wastepaper basket, and venetian blinds. The search disclosed narcotic drugs under the table, and three vials of morphine were found in the venetian blinds. A number of bottles were found in the locker, used by all of the occupants. It later was determined that some of these bottles contained morphine and codeine. After these items were found, two investigators from the Office of Special Investigation were called in and they secured search-and-seize authority from the Air Force, and the entire apartment was searched. However, nothing was found in the property belonging exclusively to the defendant, Erdman. At this point in the search, the officers had the defendant, Erdman, remove his jacket and shirt, and punctures on the front part of both of his arms were noticed.

On the basis of the above, the defendant, Erdman, was arrested on a charge of possessing narcotic drugs. He was convicted by a jury and was sentenced to serve a one- to five-year term in the State Penitentiary. From the judgment of conviction and from the order denying motion for directed verdict of acquittal, the defendant takes this appeal.

The first issue raised by this appeal is whether the arrest of Kulisich for burglary

of the Service Drug Store in Minot was a legal arrest.

■ Generally, no search may be conducted of the premises of a person to be charged for violation of law without a search warrant. Our law provides that such search warrant may be issued only upon probable cause, supported by sworn testimony or by an affidavit naming or describing the person to be charged, and particularly describing the property and the place to be searched. Sec. 29–29–03, N.D.C.C.

■ However, there are certain exceptions to the requirement that a search may be made only pursuant to a search warrant's being issued. One of such exceptions is when the search is made and conducted incident to a lawful arrest. Searches and seizures incident to a lawful arrest have long been recognized, allowed, and approved. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947). Thus, if the evidence against the defendant, Erdman, was discovered incident to the making of a lawful arrest, the evidence was lawfully obtained and its use against the defendant, Erdman, was proper. But the arrest must be a valid arrest, and mere pretense of an arrest may not be used as an excuse to conduct a search without a valid search warrant. Harris v. United States, *supra*.

It is admitted by the State in this case that the evidence against the defendant, Erdman, was discovered without the use of a search warrant. A search and seizure may survive constitutional prohibitions only upon a showing by the State that the surrounding facts and circumstances bring it within one of the exceptions to the rule that a search must rest upon a valid search warrant. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960).

■ Here, the State asserts that the arrest of Kulisich was a valid arrest and that the evidence against the defendant, Erdman, was discovered during a reasonable search incident to such lawful arrest. There is no formula for determining the reasonableness of a search under the Federal or the State constitutional forbiddance of unreasonable searches and seizures, as prohibited by the Fourth Amendment to the United States Constitution and by Section 18 of the North Dakota Constitution. Each case must stand or fall upon its own facts and circumstances. State v. Chaussee, 138 N.W.2d 788 (N.D.1965).

■ From what we have said, it will appear that not all searches without a search warrant are illegal. Only those which are unreasonable, under the facts and circumstances surrounding the search, are prohibited by the Constitution. Davis v. United States, 327 F.2d 301 (9th Cir. 1964). Therefore, whether the search of the room of the defendant, Erdman, was valid depends entirely upon whether it was made pursuant to a lawful arrest of Kulisich.

The record discloses, without contradiction, that the warrant of arrest was issued by the magistrate without any inquiry as to whether the complainant, or any other witness, had reasonable grounds to believe that an offense had been committed and that Kulisich had committed it. All that the complaining witness advised the magistrate, in making application for the warrant of arrest in this case, was that at the time and place set forth in the complaint Kulisich did break and enter the Service Drug Store in Minot with the intent to steal, in violation of Section 12–35–02, North Dakota Century Code. He gave absolutely no facts or particulars to support the blank allegation as set out in the complaint, nor did he give the magistrate any information or facts as to how he, the complaining witness, knew that Kulisich had broken into and had entered the drug store.

■ Section 29–05–06, North Dakota Century Code, provides that if a magistrate, from his examination of a complainant and other witnesses, if any,

" * * * has reasonable ground to believe that an offense was committed and

that the person against whom the complaint was made committed it, * * * " he shall issue a warrant for the arrest of such person.

Under a similar requirement, it has been held that probable cause must be shown before a warrant of arrest will issue. People v. Kesey, 250 Cal.App.2d 669, 58 Cal. Rptr. 625 (1967).

■ To establish probable cause, it is not necessary that the evidence be sufficient to convict. And probable cause may rest upon evidence which may not be legally competent in a criminal trial. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

Here, no inquiry of any kind was made as to facts upon which the magistrate could make a determination of probable cause, or whether there was reasonable ground to believe that an offense had been committed and that Kulisich was the person who had committed it. No doubt the complaining officer had evidence and information which would have been sufficient to establish, in the mind of the magistrate, reasonable ground to believe that the burglary had been committed and that Kulisich was the person who had committed it. But none of such information was given to the magistrate. The complaining witness was asked, at the trial:

"Q. Specifically, then, what did you tell the committing magistrate as a basis for the issuance of the warrant?

"A. Only what was typed up on the complaint and I do not recall just what was typed there.

"Q. The complaint reads 'That at the said time and place the said Russell Anthony Kulisich did break into and enter a building, to-wit: Service Drug Store, Minot, North Dakota, with intent to steal, in violation of Section 12–35–02 of the North Dakota Century Code.' You

allege under oath that you had knowledge that on or about May 27th he did break into and enter Service Drug Store with intent to steal?

"A. I had probable cause to believe he did.

"Q. You alleged that this had occurred?

"A. I had probable cause to believe it had occurred, yes, sir.

"Q. On this belief you alleged it as a fact?

"A. I explained the same thing to Mr. Thomas—that I had probable cause to believe he was guilty."

He was questioned further, with reference to what he had told the committing magistrate:

"Q. Did you offer to the committing magistrate any particulars, any overt acts, any facts to establish your allegation that he [Kulisich] broke into and entered the drug store on May 27, 1967?

"A. I wasn't asked then.

"Q. You did not offer any factual evidence that would place him in the proximity of the Service Drug on that date?

"A. No, sir.

"Q. Did any witnesses other than you testify before the committing magistrate as the basis for the issuing of the warrant?

"A. No, sir.

"Q. Did the committing magistrate examine any other witnesses before issuing the warrant?

"A. No, sir.

"Q. So that the basis for the magistrate's determination of probable cause was solely what you had told him?

"A. Yes, sir."

■ Thus we believe that the warrant of arrest against Kulisich was improperly issued, since the magistrate had no facts upon which to make a determination of probable cause. And, if there was no valid warrant of arrest, the arrest of Kulisich was unlawful. Therefore, if the arrest of Kulisich was unlawful, the search conducted of the immediate premises which turned up the evidence against the defendant, Erdman, was not a search incident to a lawful arrest.

The United States Supreme Court has held that a complaint presented to a magistrate (a United States Commissioner) in which the complainant merely charged the defendant with concealment of a narcotic with knowledge of its importation in violation of law, the complaint containing no affirmative allegations by the complaining officer that he had personal knowledge of the matters set forth in the complaint, indicating no sources for the officer's belief, and giving insufficient facts upon which a finding of probable cause could be made, did not provide a sufficient basis for such finding by the magistrate and did not authorize him to issue a warrant for the arrest of the defendant; and the deficiencies could not be cured by a presumption on the part of the magistrate that the complaint was made on personal knowledge of the complaining officer. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed. 2d 1503 (1958).

In the case before us, the complaining officer was asked if he gave to the committing magistrate any facts or information upon which he based his conclusion that Kulisich had committed the burglary, and he admitted that he had not done so. The necessary information was in the possession of the State's Attorney, but, so far as the record discloses, it was not given to the magistrate. Had the complaint itself set forth such facts, verified by the complainant under oath, it would have been sufficient to enable the magistrate to determine whether probable cause existed for the issuance of the warrant of arrest of Kulisich.

■ It is asserted that the *Giordenello* decision, *supra,* would not apply here since it is based on Federal law and procedure. However, the State standard for determining whether there were reasonable grounds for believing that an offense had been committed by Kulisich so as to make issuance of the arrest warrant valid must, at least, measure up to the Federal constitutional standard. United States ex rel. Mancini v. Rundle, 337 F.2d 268 (3d Cir. 1964).

The question to be determined in this case is whether the constitutional rights of the defendant, Erdman, have been violated. The search of the premises revealed evidence of violation of the narcotics law, and, even though the search may have been made incident to the arrest of Kulisich under an invalid warrant of arrest, that would not help Erdman, the State contends, who was found by the search to be violating the narcotics law of the State of North Dakota. This contention is without merit, however, because if the search was unlawful, the discovery of narcotics in Erdman's possession did not make the search lawful. Since there was no valid warrant authorizing the search of the premises, the search of Erdman's property could be justified only if it was made incident to a lawful arrest. A search is either good or bad when it starts, and the result of the search does not determine whether it was reasonable or unreasonable. Carlo v. United States, 286 F.2d 841 (2d Cir. 1961).

■ The question as to whether a warrant of arrest should be issued by the magistrate on the mere statement of a conclusion in the complaint that the law has been violated has never been before this court. We have held, however, that a complaint which sets forth facts constituting a criminal offense, but which is sworn to on information and belief of the complaining witness and is not sworn to as within the knowledge of the witness, is not sufficient to justify the issuance of a warrant of arrest. State ex rel. Poul v. McLain, 13 N.D. 368, 102 N.W. 407 (1905).

■ In the complaint against Kulisich, the complaining witness did not reveal any facts or information upon which the magistrate could have found probable cause for the issuance of a warrant for the arrest of Kulisich. The warrant of arrest having been issued by the magistrate without any information upon which he could have made a determination of probable cause, the arrest of Kulisich on February 8, 1968, was unlawful. Since the arrest of Kulisich was unlawful, the search which was made incident to it was not a search incident to a lawful arrest, and evidence against the defendant, Erdman, discovered in the search therefore was not competent evidence to be used in his trial on the charge of unlawful possession of narcotic drugs.

We hold that the evidence obtained through an unlawful search is not competent to convict, and therefore we need not consider other errors alleged by the defendant to have been committed in the trial.

For reasons stated, the judgment of conviction is reversed, and the case is remanded to the district court.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.